WATKINS, Judge.
This is a suit for accident benefits which plaintiff, Edgar W. Johnson, contends are due under the provisions of certain terms of a form contract of credit life and health insurance. The trial court found for the defendants, Hammond Motors, Inc. and Ford Life Insurance Co., holding the accident benefits inapplicable to plaintiff, and plaintiff appeals. We affirm.
Johnson purchased a truck from defendant Hammond Motors. At the time of purchase, he took out a policy of credit life insurance from Ford Life Insurance Co. through Hammond Motors, its agent, and the retail sale contract which he signed indicates this with an “x” mark showing in a box next to the words “Credit Life Insurance.” There was no mark in the box next to the words “Credit Accident and Health Insurance” on the original of the contracts.
Plaintiff was subsequently injured in a vehicular collision and contends he is entitled to accident benefits under the Credit Accident and Health Insurance section of the form contract. His carbon copy of the agreement shows that “X” mark appearing between boxes for life insurance and accident insurance, rather than appearing definitely in either one. Plaintiff claims the position of the “x” constitutes an ambiguity in the contract and this ambiguity should be resolved in his favor as the form was that of Ford Life Insurance Co., which was issued by its agent, Hammond Motors.
The best evidence of the intent of the parties to the contract is the original of the contract. The original shows the plaintiff intended to purchase only Credit Life Insurance. We agree with the findings of the trial court that the copy was not properly aligned with the original, causing the markings on the copy to appear in different lines or boxes than on the original.
Plaintiff further argues that it was his intention to purchase health and accident insurance. We have carefully reviewed the testimony of the witnesses and the other evidence presented and find that this fact was not established by plaintiff at trial, as the trial court quite apparently found.
For these reasons, the judgment of the trial court is affirmed at appellant’s cost.
AFFIRMED.